# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CARL ROBERT ARMSTRONG, et al.,

       Plaintiffs,                          CASE NO. 02-CV-73492

-vs-                                       PAUL D. BORMAN
                                         UNITED STATES DISTRICT JUDGE

DAN CADEZ, et al.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE

Before this Court are Plaintiffs Carl Robert Armstrong, Donna M. Bradley, and Jean Armstrong's Motion in Limine. (Dkt. No. 97). On February 15, 2008, the remaining Defendants Dan Cadez, Brad Kropek, John Difatta responded to the Motion. A hearing on this Motion was held on March 25, 2008. For the following reasons, the Court **GRANTS** Plaintiffs' Motion in Limine.

**I.**     **Plaintiffs' Claims**

This case is proceeding to trial on Plaintiffs' damages claim against Defendants based upon Defendant's execution of a search warrant. Plaintiffs claim that during the execution of a search warrant at the business and residence of Plaintiffs Armstrong and Bradley, on July 26, 1999, Defendants seized property including a fax machine, computers, a Jeep and other items. The search warrant was later held invalid by the Wayne County Circuit Court presiding over the forfeiture action and the seized property was ordered to be returned.

Plaintiffs allege that upon the return of the seized property, it was discovered that Defendants had used the fax machine and the computer. Plaintiffs also argue that they were unable to cancel

the AOL subscription because of Defendants ongoing use of the computer while it was in their possession.

Plaintiffs also aver that Defendants deleted, destroyed and/or disabled software programs and graphic art files created by Plaintiff Carl Armstrong for clients. Additionally, Plaintiffs contend that the seized Jeep's rear window was shattered while in Defendants custody and other seized items were never returned or returned in damaged condition. Plaintiffs also allege that Defendants consumed their beverages while conducting the search and seizure, and also damaged the building as well as things attached to the building.

## II.      PLAINTIFF'S MOTION IN LIMINE

Plaintiffs argue the Court should exclude evidence of :

1. Approximately 50 pounds of marijuana seized from Plaintiff's premises;

2. Alleged discovery of a secret "cutting room" on Plaintiffs' premises;

3. Alleged discovery of packaging materials, equipment and marijuana shake or residue;

4. Alleged discovery of marijuana roaches, joints, seeds and stems at the Plaintiffs' premises or Plaintiffs' admission of possession of the same;

5. Plaintiff Carl Armstrong was taken into custody following the search warrant execution;

6. Any evidence or testimony relating to the investigation of John Ziriada and the search warrant executed at his premises.

Plaintiffs request the Court submit to the jury merely that a search warrant was executed on Plaintiffs' premises, certain property was seized, and no criminal charges were brought, and the search warrant was later held to be invalid. Plaintiffs argue that this case only involves the certain seized property and what occurred to the property while in Defendants' possession.

Defendants respond that the evidence Plaintiffs seek to exclude from the record is relevant to the basis for the actions taken by Defendants. Defendants also argue that Plaintiffs believe that the actions of Defendants and the Melvindale Police Department constituted "a concerted effort to go after the Armstrong family" and therefore the evidence in question is relevant to showing Defendants had a legitimate basis for their actions. Further, Defendants also contend the real reason Plaintiffs seek to exclude this evidence from the jury is to "sanitize" the case and "mislead" the jury as to the true facts and circumstances surrounding this case.

Although Plaintiffs fail to supply any rule of evidence or argument in law as to why this evidence should be excluded from the trial, it is clear that Plaintiffs rely upon Federal Rules of Evidence 401, 402 and 403. Plaintiffs argue that the above described evidence is irrelevant to the disposition of certain property in Defendants' possession and any probative value of this evidence is greatly outweighed by the potential of unfair prejudice against the Plaintiffs.

### III. ANALYSIS

The Court finds that the above mentioned evidence is not relevant to the matter at issue for trial; the disposition or condition of property while allegedly in Defendants' possession. Further, the underlying circumstances surrounding the seizure of the property do present a significant likelihood of creating undue prejudice against Plaintiffs. As a result, the above mentioned evidence and testimony will be excluded from the trial and the jury will only be informed that search warrant was executed on Plaintiffs' premises, certain property was seized, no criminal charges were brought, and the search warrant was later held to be invalid. However, the Court will allow the challenged evidence if Plaintiffs seek to argue or introduce evidence or testimony that the actions of Defendants in seizing the property (i.e. executing the search warrant) or allegedly destroying or converting the

property were part of an agenda to "go after" the Plaintiffs' family. All of the above mentioned evidence would become relevant in this circumstance to rebut this assertion.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion in Limine.

**SO ORDERED**.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 31, 2008.

s/Denise Goodine
Case Manager