UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ROBERT ARMSTRONG,

    Plaintiff,

v.                                                        Case No. 02-73492
                                                         Hon. Sean F. Cox

DAN CADEZ, et al.,

    Defendants
_____

## ORDER CLARIFYING THE CAPACITY
## OF DEFENDANT JOHN DIFATTA

This matter is before the Court on Defendants' "Trial Brief" regarding the capacity in which John Difatta remains a Defendant, filed on April 1, 2008. Plaintiff filed a response on April 11, 2008. For the following reasons, Defendant John Difatta remains a Defendant in this personal capacity only.

Suits brought in an individual or personal capacity seek to impose personal liability upon a government official for actions he takes under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (citation omitted); see also *Hafer v. Melo*, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity...should be treated as suits against the State."). In an official capacity suit, the entity's policy or custom must have been the moving force behind the alleged violation of federal law. *Graham,* 473 U.S. at 166. As the *Graham* Court noted, "[t]here is no longer a need to bring

1

official-capacity actions against local government officials...local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, n.14 (citing *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690 (1978)). Similarly, courts in this circuit have held that official capacity claims against an officer or employee of a governmental entity are redundant where the governmental entity itself is also a party. See *Cabaniss v. City of Riverside*, 497 F.Supp.2d 862, 880 (S.D.Ohio 2006); and *Poteet v. Polk County, Tennessee*, 2007 WL 1138461 *16 (E.D.Tenn. 2007)(citing cases).

In this case, the governmental entity, the City of Melvindale, was made a party to the action. Thus, an official capacity claim against former City of Melvindale Chief of Police John Difatta was redundant. The court, via Judge Paul Borman, ruled that a claim did not lie against the governmental entity, the City of Melvindale, in its Opinion and Order granting in part and denying in part summary judgment, entered on May 13, 2005. [Doc. 75]. Although Plaintiff directs the Court to cases for the proposition that single acts can constitute municipal policy under certain circumstances, those cases are irrelevant. There has already been a ruling in the context of Plaintiff's claim against the City of Melvindale, that Plaintiff failed to establish a custom or policy that was the moving force behind the alleged constitutional violations. [Doc.75, pp.14-15]. Thus, because the claim against the City of Melvindale is one in the same as Plaintiff's claim against Difatta in his official capacity, the court's ruling applies to that claim as well.

Accordingly, Plaintiff cannot maintain a claim against Defendant John Difatta in his

2

official capacity; he remains a Defendant in his personal capacity only.[1]

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: April 28, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2008, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**

---

[1] Incidentally, if an official capacity claim were allowable, John Difatta would not be the appropriate party. In *Hafer*, the Court stated that "when officials sued in [their official capacity] in federal court die or leave office, their successors automatically assume their roles in the litigation." *Hafer*, 502 U.S. at 25. Difatta is no longer the Chief of Police in Melvindale.